UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

AT LAW AND IN ADMIRALTY

DOROTHEA WINGFIELD,

   Plaintiff,

vs.                                                                                          Case Number:

CELEBRITY CRUISES  INC.

   Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, DOROTHEA WINGFIELD, hereby sues Defendant, CELEBRITY CRUISES INC, and alleges the following:

**THE PARTIES AND JURISDICTION**

1. This is an action for damages that exceed $75,000 exclusive of interest, costs, and attorney fees.

2. **THE PLAINTIFF.** The Plaintiff, DOROTHEA WINGFIELD, is sui juris, a resident of the state of Maryland, and is a citizen thereof for purposes of diversity of citizenship under 29 U.S.C. Sec. 1332.

3. **THE DEFENDANT.** The Defendant, CELEBRITY CRUISES, INC [hereinafter referred to as "CELEBRITY", or "Defendant"] was at all times material doing business in Miami, Dade County, Florida.  The Defendant is a citizen of Florida for purposes of diversity of citizenship under 28 U.S.C. Sec. 1332.  At all times material hereto, the Defendant owned and/or operated the cruise ship M/V CELEBRITY REFLECTION on which the subject incident occurred.

4. **FEDERAL SUBJECT MATTER JURISDICTION.** This is an action which arises by virtue of diversity of citizenship pursuant to 28 U.S.C. Sec. 1332; and, is within the Court's admiralty or maritime jurisdiction pursuant to 28 U.S.C. Sec. 1333. The venue selection clause in the Passenger Contract Ticket issued by the Defendant to the Plaintiff requires that this suit be filed in Federal Court in Miami-Dade County, Florida.

5. **VENUE AND PERSONAL JURISDICTION.** The Defendant, at all times material hereto, itself, or through an agent or representative, in the County and in the District in which this Complaint is filed:

    **(a)** Operated, conducted, engaged in, or carried on a business venture in the State of Florida, Dade County, and in the District in which this Complaint is filed;

    **(b)** Had an office or agency in the State of Florida, Dade County; and/or

    **(c)** Engaged in substantial activity within the State of Florida, Dade County; and/or

    **(d)** Committed one or more of the acts as required by admiralty law.

6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

7. There is privity between the Plaintiff and CELEBRITY.

## OTHER ALLEGATIONS COMMON TO ALL COUNTS

8. **DATE OF THE INCIDENT.** The incident occurred at approximately 8:00 p.m. on November 23, 2023, at the dining room located on Level 4 of the Celebrity Reflection.

9. The M/V CELEBRITY REFLECTION was at sea in navigable waters on the date of incident.

10. The Plaintiff was served a slice of pecan pie by staff employed by CELEBRITY which contained a foreign item, a nail, concealed within the body of the slice of pie.

11. The Plaintiff was unaware of the presence of the nail in the slice of pecan pie in that the nail was concealed in the slice of pie.  The Plaintiff bit into the piece of pie and suffered injury to her teeth and to her jaw.

12.  CELEBRITY had notice of Plaintiff's injury in that she immediately reported it to the staff of the M/V CELEBRITY REFLECTION, after which she was taken by the vessel's staff to its medical facility where she was examined and treated by the vessel's medical staff.

## COUNT I: NEGLIGENCE

13. Plaintiff incorporates Averments one through 12 in this Count.

14. Defendant CELEBRITY is a Florida limited liability company.

15. As of November 23, 2023, Defendant CELEBRITY was operating a dining room on Level 4 of its vessel, the M/V CELEBRITY REFLECTION.

16. On November 23, 2023, the Plaintiff was seated with her husband at a table located in CELEBRITY's dining room as described in Averment 13 during which she ordered a slice of pecan pie as her desert following service of a dinner meal by the staff of the M/V CELEBRITY REFLECTION.

17. CELEBRITY'S staff which served the slice of pecan pie to the Plaintiff was at all times responsible for and had control of the preparation of the slice of pecan pie.

18. Defendant's staff brought the slice of pecan pie to the Plaintiff where was seated with her husband.

19. Using Defendant's fork, the Plaintiff took a bite of the slice of pecan pie.

20. Unbeknownst to her, the slice of pecan pie contained a metal nail which was hidden in its body.

21. As she placed a forkful of the slice of pecan pie into her mouth, Plaintiff bit down and struck the metal nail which caused injury to her teeth and to her jaw.

22. Plaintiff did not reasonably expect that the slice of pecan pie would contain a harmful object, a metal nail, which is unfit for human consumption.

23. By and through its employees, Defendant either knew or should have known that serving a slice of pecan pie which contained a metal nail within its body would create a foreseeable zone of risk that the customer would suffer harm.

24. As the seller of the slice of pecan pie, Defendant either had, or undertook a legal duty under admiralty law to its customer and paying passenger, Dorothea Wingfield to use reasonable care:

    a. to eliminate or remove in the preparation of the food it serves such harmful substances as the consumer of the food, as served, would not ordinarily anticipate and guard against; and

    b. to maintain at all times a duty under admiralty law to use reasonable care not to manufacture, sell, or deliver any food that is adulterated or misbranded.

25. On November 23, 2023, Defendant breached the foregoing legal duties to Dorothea Wingfield by:

    a. serving a slice of pecan pie to her which contained within its body a metal nail;

    b. failing to guard against the presence of a metal nail which was present in the piece of pecan pie which was served to her.

    c. failing to remove the metal nail before serving the slice of pecan pie to her;

    d. serving adulterated food, <u>i.e.</u> the slice of pecan pie which contained a metal nail, in violation of admiralty law;

    e. failing to follow the generally-accepted customs for cooking and/or serving the slice of pecan pie to the consuming public; and/or

    f. failing to follow and/or to implement training of staff, policies, practices, standards, and/or procedures to avoid serving the slice of pecan pie which contained a metal nail to the Plaintiff.

26. But for Defendant's breaches, Dorothea Wingfield would not have been injured.

27. Defendant's foregoing negligent acts and/or omissions proximately caused injuries to Dorothea Wingfield and the resulting damages set forth in the prayer for relief below.

**WHEREFORE,** Plaintiff, DOROTHEA WINGFIELD, demands judgment against Defendant CELEBRITY CRUISES INC as to:

a. Damages for physical injuries within a reasonable degree of medical probability, loss of important bodily functions, including but not limited to damaged and/or lost teeth and temporomandibular joint disorder [TMJ];

b. Damages for past and future medical expenses and diagnostic testing;

c. Damages for past and future physical pain and suffering;

d. Damages for loss of the capacity for enjoyment of life;

e. Damages for the aggravation of pre-existing physical conditions;

f. Damages for inconvenience; and

g. Costs of suit.

## **DEMAND FOR JURY TRIAL**

Plaintiff, DOROTHEA WINGFIELD, demands a trial by jury as to all issues.

                                  Respectfully submitted,

                                  */s/Michael N. Lygnos*
                                  Michael N. Lygnos,
                                  marinelaw@msncom; mikelygnos@gmail.com
                                  LYGNOS LAW FIRM
                                  111 N Belcher Road, Ste 204
                                  Clearwater, FL 33765
                                  Ph: (727) 726-9100 Fx: (727) 726-9500
                                  Florida Bar No. 613118
                                  *Counsel for Plaintiff Dorothea Wingfield*